NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERNEST LEE DEAN, | No. 21-35447 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-02050-JR |
| v. | |
| DRAVIS; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| SNAKE RIVER CORRECTIONAL INSTITUION; OREGON DEPARTMENT OF CORRECTIONS, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Oregon
Jolie A. Russo, Magistrate Judge, Presiding[**]

Submitted January 18, 2023[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:      GRABER, PAEZ, and NGUYEN, Circuit Judges.

Oregon state prisoner Ernest Lee Dean appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Toguchi Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment).  We affirm.

The district court properly granted summary judgment for Dr. Gulick because Dean failed to raise a genuine dispute of material fact as to whether Dr. Gulick was deliberately indifferent to Dean's chronic degenerative disc disease. *See Toguchi*, 391 F.3d at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice or negligence does not amount to deliberate indifference).

The district court properly dismissed Dean's claims against the Oregon Department of Corrections and Snake River Correctional Institution as barred under the Eleventh Amendment.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *Brown v. Oregon Dep't of Corr.*, 751 F.3d 983, 988 (9th

Cir. 2014) (dismissing claims against the Oregon Department of Corrections under the Eleventh Amendment).

**AFFIRMED.**